[No. 6442.]

## THE VALLEY DEW DISTILLING COMPANY v. MESSNER.

1. **Contract—Construction**—The effect of particular words found in a writing is to be determined by a consideration of the other stipulations and conditions found in the same writing. —(454)

2. **Sale of Goods—What Constitutes**—To pass the title to goods, the vendor. must agree to sell, and the vendee to purchase. Defendant executed a writing addressed·to plaintiff, as follows: "I have this day bought of you ten barrels of whiskey in bond and received a warehouse certificate covering said whiskey, as follows:    (Followed by a description.)

Cash, $21.00.

Notes, $250.00.

"Which whiskey or its equivalent may be sent upon my order, and the approval of your home office."    .

The defendant also executed his promissory note to plaintiff, and received two warehouse certificates, executed by plaintiff, each of which stated, that plaintiff had on hand in storage, five barrels of whiskey, describing it, "deliverable as agreed, only on return of this certificate properly endorsed, and on payment·of the purchase price hereof, at our main office, and government, state, and county taxes, and storage," at a rate specified.    "Damage by fire, leakage, shrinkage, or transportation at purchaser's risk."    Each certificate was endorsed "Not until this certificate has been actually delivered to us will any of the whiskey be delivered or shipped."    .        .

Held, that inasmuch as the goods were never actually delivered and were not to be shipped until defendant ordered the shipment, and, returned the certificate, that even then his order might be rejected by plaintiff, the transaction was not a completed sale.    And defendant having returned the certificates requesting their cancellation, it was held there could be no recovery on the note.—(455)    ·

*Error to Denver District Court*—Hon. GREELEY W. WHITFORD, Judge.

Mr. SAMUEL S. LARGE for plaintiff in error.

Mr. JOHN W. HELBIG for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The defendant in error signed and delivered to plaintiff in error the following order slip:

"VALLEY DEW DISTILLING CO.

1 UNION SQUARE, NEW YORK.

INCORPORATED.

"Gentlemen: I have this day bought of you 10 barrels whiskey in bond, and have received warehouse certificate covering said whiskey as follows: (Then follows description of the articles mentioned).

"SETTLEMENT.

"Cash ................................$ 21.00
Notes ................................ 250.00
    "Payable May 20, 1906 ............$250.00

"Which whiskey or its equivalent may be sent upon my order, and the approval of your home office. This order slip, together with said certificate, constitute the complete order, no other agreement being recognized.

"Labels, etc.

"Advertisement, 100 bottles.

"2112-18 Blake St., Denver.

"Remarks: Allowed for 2 bbls.

(Signed)    "JOHN MESSNER."

The defendant executed and delivered his promissory note for two hundred and fifty dollars and received two warehouse certificates, each of which (omitting numbers and the specific description of the merchandise therein described) reads the same, as follows:

"VALLEY DEW DISTILLING COMPANY.

"The Valley Dew United States Bonded Warehouse Distillery, No. 354, 5th District, located in Louisville, Ky., has received and has on storage the following described five barrels American Sire Club

Whiskey, for our account, and which we hold subject to the order of John Messner." (Then follows a description of the barrels, by numbers, net gallons and other marks intended to identify them.) The receipt then recites: "Deliverable as agreed only on return of this certificate, properly endorsed, and on payment of the purchase price hereof at our main office, and government, state and county taxes and storage, at the rate of five cents per barrel per month from inspection. Loss or damage by the elements, fire, leakage, shrinkage, or transportation at purchaser's risk. The holder of this certificate, in accepting it, agrees to its condition, and to pay all moneys, taxes and charges due hereon."

"THE VALLEY DEW DISTILLING COMPANY,

By M. HIRSH, Pres.

"Countersigned by L. WEISS, Sec. Treas."

These certificates contained the following endorsement: "Not until this certificate (no duplicate to be recognized) has been actually presented or delivered to us, properly endorsed, will any portion of the whiskey represented by it be delivered or shipped. * * * Address all communications in regard to the within described whiskey to Valley Dew Distilling Company, Lincoln Building, No. 1 Union Square, New York."

Defendant in error never ordered any of the whiskey described in these certificates, or covered by the order slip shipped, nor were any of the goods ever tendered him by the plaintiff in error. He returned the certificates to the plaintiff in error, with the request that they be cancelled, which was refused; and, having also refused payment on his note, suit was brought thereon. The trial resulted in a judgment for defendant. Plaintiff brings the case here for review on error.

Neither the rights of third parties nor the statute of frauds, is involved, it being conceded by both parties that, under the issues made by the pleadings and evidence, the liability of the defendant in error upon his promissory note turns upon the question of whether or not the contract between the parties was an executed or executory contract. That is to say, if the contract was an executed one, the defendant is liable upon his note, but if merely executory, then he is not. In order to determine this proposition, the test to apply is, whether the title to the subjectmatter of the transaction, as evidenced by the order slip and warehouse certificates, passed to Messner. The order signed by defendant recites: ''I have this day bought of you 10 barrels whiskey.'' Standing alone, this might indicate that he had consummated a purchase, but the significance, real meaning, or effect of words does not depend entirely upon their ordinary meaning, when standing alone, but must be determined from other stipulations and conditions found in the writing of which they form a part. Following this expression, after the description of the whiskey, the order recites: ''Which. whiskey  *  *  *  may be sent upon my order and the approval of your home office.'' Turning to the certificates, which were intended to represent a symbolical delivery of the whiskey, we find they provide by an endorsement that it is not to be shipped or delivered until they are returned properly endorsed.

In order to pass the title to goods, as between the vendor and vendee, there must be a valid, existing and completed contract of sale. That is to say, the vendor must agree to sell, and the vendee to purchase. Applying this proposition to the transaction, as evidenced by the order slip and warehouse certificates, it is clear that title to the whiskey never passed to Messner, nor did the plaintiff part with

any title to it. The plaintiff purported to have made a symbolical delivery by the issuance and delivery of warehouse certificates, but the defendant never ordered it shipped. The merchandise therein described was never actually delivered, nor was it to be shipped until the defendant ordered it and returned the certificates; and then, his order when these conditions were complied with, might be honored or it might be rejected. This was optional with plaintiff. A purported contract of purchase which leaves it optional with the vendor to accept or reject its terms, is not a completed transaction which vests title in the proposed purchaser or divests the owner of his title. Under such an arrangement, there is no mutuality or meeting of minds, and either party, before these essentials of a contract are brought into existence by a compliance with the terms and conditions thereof, is at liberty to withdraw. When he does, the original arrangement becomes a nullity. This is the course which the defendant pursued by returning the warehouse certificates and demanding the return of his note, before, by mutual obligations, any binding contract was entered into between the parties.

The judgment of the district court is affirmed.

*Affirmed.*

Chief Justice Campbell and Mr. Justice Hill concur.